**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

———————————————————————
|                                  | :  |                    |
|----------------------------------|----|--------------------|
| **GERALD KIESEWETTER and**       | :  |                    |
| **ERIKA NOELL,**                 | :  |                    |
| **Plaintiffs,**                  | :  | **CIVIL ACTION**   |
|                                  | :  |                    |
| **v.**                           | :  | **NO. 14-1517**    |
|                                  | :  |                    |
| **OTIS ELEVATOR COMPANY,**       | :  |                    |
| **Defendant.**                   | :  |                    |
———————————————————————

## MEMORANDUM OPINION

RUFE, J.                                               JULY 1, 2014

Plaintiffs brings claims pursuant to the Age Discrimination in Employment Act ("ADEA")[1] (Count I) and the Pennsylvania Human Relations Act ("PHRA")[2] (Count II) alleging that Defendant improperly terminated them because of their ages and replaced them with younger employees. Plaintiff Noell also alleges that she was overlooked for promotion and terminated due to her race and sex. Defendant has moved to dismiss for failure to state a claim. For the reasons that follow, the Court will deny Defendant's motion in substantial part.

## I.   FACTUAL BACKGROUND

The facts set forth herein are taken from the Complaint, and the allegations will be accepted as true for the purpose of resolving the motion to dismiss.

———————————————————

[1]  29 U.S.C. §§ 621-634.

[2]  43 Pa. Stat. § 951 *et seq.*

*Kiesewetter*

Kiesewetter has been an elevator mechanic for 42 years. He worked as an elevator mechanic for Defendant Otis early in his career, and then again from 2005 until his termination on October 1, 2012, at age 63. Until May 2012, he never received a negative performance review. His May 2012 performance evaluation rated him as meeting or exceeding expectations in 19 out of 22 areas evaluated, but said he needed improvement in technical expertise, technical competence-electromechanical based equipment, and technical competence-competitor equipment. His supervisor, Angelo Adams, who was 34 years old and not a trained elevator mechanic, commented that Kiesewetter should try to improve his technical competence by attending technical training sessions offered by Otis, but Plaintiffs allege that this comment was disingenuous, as Otis did not offer any training sessions that mechanics could take on a voluntary basis; rather, Otis invited specific mechanics to attend scheduled training sessions, and Otis never offered that opportunity to Kiesewetter.

On September 19, 2012, Kiesewetter and 18 other mechanics received disciplinary letters for failure to attend a mandatory safety meeting. These letters were later removed from the files of all 19 employees, pursuant to an agreement between Otis and their union. This was the only disciplinary notice Kiesewetter received prior to his termination.

In the week prior to his termination, Otis lost an expected opportunity to modernize the elevators and escalators at the Bellevue Hotel, and made a business decision to stop servicing the existing elevators and escalators there. Matthew Campbell, Otis's 45-year-old mechanic who had been assigned to the Bellevue, was not terminated.  Instead, 63 year old Kiesewetter was terminated and Campbell was given his truck and responsibilities. A 60 year old mechanic was also terminated.  In addition, although Kiesewetter was told he was being terminated because

2

there was a lack of work, three apprentice mechanics (ages 25, 30, and 31) were promoted to positions as mechanics in the week before Kiesewetter was terminated, and an additional older worker (age 54) with 25 years of experience was terminated, and his responsibilities were given to a mechanic in his 20s.

*Noell*

Noell is a 44-year-old African American woman. After working as an elevator mechanic's helper for 11 years, she completed and passed Otis's qualifying test to become a mechanic in 2010. Despite having the training and experience to be promoted to mechanic at that point, she was only offered the position of assistant mechanic. She then worked as an assistant mechanic for three years, and was overlooked by Otis for promotion while 13 white, male employees were promoted from assistant mechanic to mechanic.[3] She was also required to work the 3:00 p.m. to 11:30 p.m. shift, over her objection that this interfered with her ability to see her children.

Although the reason provided for her termination was negative performance evaluations and "rack and stack" evaluations, neither of the men who evaluated her actually supervised her or had knowledge of her work, and Noell never received or signed any performance reviews and was provided with no notice of performance problems prior to her termination on February 14, 2013. Therefore, Noell alleges that the reasons provided for her discharge were pretextual.

Out of 125 mechanics, assistant mechanics, and apprentices then employed by Otis, only two were women, including Noell, and only five were African American, including Noell. After Noell was terminated, she was replaced by a 30 year old white man, and the company hired five additional white, male mechanics in the six months after she was terminated.

---

[3] The ages of those mechanics ranged between 29 and 57.

*Both Plaintiffs*

Both Plaintiffs allege that Otis has a pattern or practice of fabricating false claims regarding performance to justify terminating workers in protected classes, so as to retain preferred workers when a reduction in force is necessary, or to make room for new mechanics who have recently passed the qualifying test. In addition to Plaintiffs, they allege that at least six other workers have been terminated pursuant to this policy or practice.

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[4] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[5] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[6] Something more than a mere *possibility* of a claim must be alleged; rather plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[7] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[8] The court has no duty to "conjure

---

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[5] *ALA, Inc. v. CCAIR, Inc*., 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll*., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[6] *Twombly*, 550 U.S. at 555, 564.

[7] *Id.* at 570.

[8] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

up unpleaded facts that might turn a frivolous . . . action into a substantial one."[9] Legal questions

that depend upon a developed factual record are not properly the subject of a motion to dismiss.[10]

## III.   DISCUSSION

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise

discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's age."[11] Title VII prohibits discrimination

in employment based upon race or sex.[12] A discrimination claim may be proved by either direct

or indirect evidence of discrimination. Here, Plaintiffs attempt to prove their case with indirect

evidence of discrimination. "Claims established by indirect evidence, as is the case here, are

analyzed under the three-step process laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S.

792 (1973)."[13] To survive a motion to dismiss, plaintiffs must adequately plead a *prima facie*

case of discrimination, pleading: (1) that plaintiffs are a member of the protected class; (2) that

plaintiffs were qualified for the position at issue; (3) that plaintiffs suffered an adverse

employment action; and (4) that the circumstances surrounding the adverse employment action

support a plausible inference of illegal discrimination.[14] With regard to the fourth element, in an

ADEA case, it is sufficient for a plaintiff to plead that he or she was replaced by a sufficiently

---

[9] *Id.* (quoting *McGregor v. Indus. Excess Landfill, Inc.,* 856 F.2d 39, 42-43 (6th Cir. 1988)).

[10] *See, e.g., TriState HVAC Equip., LLP v. Big Belly Solar, Inc.,* 836 F. Supp. 2d 274 (E.D. Pa. 2011).

[11] 29 U.S.C. § 623(a)(1).

[12] 42 U.S.C. § 2000e, *et seq.*

[13] *Mindock v. Weir Minerals N. Am.*, 501 Fed. Appx. 200, 202(3d Cir. 2012) (citing *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009)).

[14] *Golod v. Bank of Am. Corp*., 403 Fed. Appx. 699, 703 n.2 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009); *Johnson v. Del. Cty Juvenile Det. Ctr.*, 2012 WL 895507, at *7 (E.D. Pa. March 16, 2012).

younger employee in circumstances supporting an inference of discrimination;[15] the younger

employee need not be under 40.[16]

"[T]he PHRA is to be interpreted as identical to federal anti-discrimination laws except

where there is something specifically different in its language requiring that it be treated

differently."[17] No such issues are raised here, and so the Court will generally reference only the

relevant federal laws (the ADEA and Title VII) in this Opinion.[18]

*Kiesewetter*

It is alleged that Kiesewetter was 63 years of age at the time of his termination, and thus

was a member of the protected class under the ADEA. Kiesewetter alleges that he was well-

qualified for his position as elevator mechanic, with 42 years of experience. He was terminated

from his job, and his duties were assumed by an employee approximately 18 years younger than

he was (a "sufficiently younger" employee). In addition, the week before he was terminated,

three younger apprentice mechanics (ages 25, 30, and 31) were promoted to mechanic. Around

the same time, Otis terminated two other, older mechanics, aged 54 and 60.

Defendant argues that it had a legitimate, non-discriminatory reasons for terminating

Kiesewetter—a general reduction in force after losing an expected contract with the Bellevue

Hotel. However, the facts alleged, including his replacement by a significantly younger

employee, and the promotion of three young apprentices to mechanics immediately preceding

---

[15] *Johnson v. Del. Cty Juvenile Det. Ctr.*, 2012 WL 895507, at *4 (E.D. Pa. Mar. 16, 2012) (citing *Hodczak v. Latrobe Specialty Steel Co.*, 451 Fed. Appx. 238, 240 (3d Cir. 2011); *Novak v. Posten Taxi, Inc.*, 386 Fed. Appx. 276, 278 (3d Cir. 2010); *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997).

[16] *Pivorotto v. Innovative Sys. Inc.*, 191 F.3d 344, 357 (3d Cir. 1999).

[17] *Burton v. Teleflex Inc.*, 707 F.3d 417, 432 (3d Cir. 2013) (quoting *Slagle v. Cnty. of Clarion*, 435 F.3d 262, 265 n.5 (3d Cir. 2006) (internal quotation marks omitted)).

[18] *Colwell v. Rite Aid Corp.*, 602 F.3d 495, 499 n.3 (3d Cir. 2010).

the termination of Kiesewetter and two other older mechanics, give rise to a plausible inference that Kiesewetter's termination was motivated by his age.

Defendant also argues that Kiesewetter was already 56 years old at the time Otis hired him, and this negates any inference that age discrimination motivated his termination seven years later. While his age at the time of hire may be significant to a finding of liability at a later stage of the litigation, at the pleading stage, and in the context of the allegations as a whole, the Court does not agree that it negates any inference of age discrimination. Thus, the Court finds that Keisewetter's claims of age discrimination are adequately pled.

*Noell*

Noell is an African American woman, and was 44 years of age at the time of her termination. She has adequately alleged membership in three protected classes. She has also pled that she was qualified as an assistant mechanic, and in fact was qualified to be a mechanic, having passed the qualifying exam and accrued three additional years of experience as an assistant after passing that exam.

Noell alleges two adverse employment actions: 1) being overlooked for promotion over the course of three years, during which time 13 white men (half of whom were younger than she was) were promoted; and 2) unjustified termination, after which her work was performed by a 30-year-old white man, and after which five additional white men were hired.

With regard to the failure to promote Noell, the Court finds that Noell adequately states a claim for race and gender discrimination in the promotion process, having alleged that 13 white men were promoted while she was not. However, because of the varied ages of those promoted, the Court finds that Noell has failed to state a claim for age discrimination in the promotion process.

With regard to Noell's termination, Noell pleads that she was replaced by a significantly younger white man, and that five additional white, male mechanics were hired by Otis in the six months following her termination. Noell also alleges that her poor performance evaluations were not completed by her supervisors, but by employees unfamiliar with her work, and were not provided to her before her termination, as required by her contract. The Court finds Noell's allegations regarding her termination are adequate to state a claim for race and gender discrimination. As Noell does not indicate the ages of the five new hires, and alleges only that the person who assumed her responsibilities was 30 years old, the allegations with regard to age discrimination are less robust. Nevertheless, because Noell has alleged that her duties were performed by a sufficiently younger man after her termination, as well as additional facts suggesting that her termination may have been illegally motivated, and given the context provided by reading the complaint as a whole, the Court will allow Noell's age discrimination claim to proceed to discovery, with regard to her termination only.

## IV.   CONCLUSION

Because both plaintiffs allege that they are members of one or more protected classes, qualified to perform their jobs (and in Noell's case qualified for promotion), and suffered one or more adverse employment actions under circumstances that give rise to an inference of unlawful discrimination, the Motion to Dismiss is denied, except as to Noell's claim of age-based discrimination in the promotion process.